UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHELLYANN CAIN-SMILEY
individually and on behalf of others
similarly situated,

                Plaintiff,

-against-

THE AVONDALE GROUP, LLC and
LORNA GRAZIO, individually and as
an officer of the Avondale Group, LLC,

                Defendants.
------------------------------------------------------------x

ECF CASE

COMPLAINT

FLSA COLLECTIVE ACTION

'07 CIV 10986

Rule 23 Class Action

JUDGE CEDARBAUM

Jury Trial Demand

Plaintiff, SHELLY ANN CAIN-SMILEY, by her attorneys, Law Office of ROBERT DAVID GOODSTEIN, ESQ., alleges as follows:

### NATURE OF ACTION

1. This is an action on behalf of Shelly-Ann Cain-Smiley to recover overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labors Standard Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*, and the "spread of hours" wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2006) (the "Spread of Hours Wage Order").

2. Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of the Defendant, pursuant to 29 U.S.C. § 216(b).

## PARTIES, JURISDICTION AND VENUE

3.  On information and belief, defendant The Avondale Group, LLC., ("Avondale") is a New York limited liability company with its principal place of business, located at 295 Greenwich Street, PMB 187, New York, New York 10007. In each year from 2000 to the present, defendant had gross annual revenue of over $500,000.

4.  Smiley-Cain has been employed by defendant Avondale from approximately November 2005 to date.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (interstate commerce) and 29 U.S.C. § 216 (FLSA). Supplemental jurisdiction over plaintiff's state law claims is conferred by 28 U.S.C. § 1367 (a).

6.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) in that all or a substantial part of the events or omissions giving rise to the claims occurred and defendant resides in this district.

7.  Defendant LORNA GRAZIO, who works at Avondale at 295 Greenwich Street, PMB 187, New York, New York 10007, within the jurisdiction of this court, is an officer of defendant Avondale, was in active control and management of defendant Avondale, regulated the employment of persons employed by defendant Avondale, acted directly and indirectly in the interest of defendant Avondale in relation to the employees, and was thus an employer of the employees within the meaning of Section 3(d) of the Act.

8.  Defendants have employed employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The corporate enterprise

calculation of that number are presently within the sole control of Defendants, there are approximately 50 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

18. The representative party will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiff lacks the financial resources to prosecute vigorously a lawsuit in federal court against corporate defendants. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

20. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with the respect to the class as a whole.

21. The claims of Plaintiff are typical of those of the class. Plaintiff and other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime. The job duties of the named Plaintiff were and are typical of those of class members.

22. There are questions of law and fact common to the New York Class which

predominate over any questions solely affecting individual members of the Class, including:

    a. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    b. whether Defendants failed and/or refused to pay Plaintiff the overtime at the premium rate within the meaning of the New York State Labor Law;

    c. whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay; and

    d. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work.

## FIRST CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

23. Plaintiff repeats and realleges paragraphs above.

24. At all times relevant to this action, defendants were engaged in interstate commerce or in an industry or activity affecting commerce, and its employees used products that moved or were produced in interstate commerce.

25. At all times relevant to this action, the plaintiff used or handled goods that moved or were produced in interstate commerce.

26. Defendants constitute an enterprise within the meaning of 29 U.S.C. §203.

27. At all relevant times, defendants were the plaintiff's employer within the meaning of 29 U.S.C. §203(d). Defendants had the power to hire and fire plaintiff, control the terms and conditions of her employment, and determine the rate and method of their compensation.

28.   Defendants willfully and intentionally failed to pay plaintiff's overtime compensation at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. §207(a)(1).

29.   Defendants' failure to pay overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

30.   Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the New York Labor Law

31.   Plaintiff repeats and realleges paragraphs above.

32.   At all relevant times, defendants were the plaintiff's employer within the meaning of N.Y. Lab. Law §§ 2 and 651.

33.   Defendants failed to pay plaintiff overtime compensation at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law §§ 650 *et seq.* and supporting regulations of the New York State Department of Labor.

34.   Defendants' failure to pay plaintiff at the applicable overtime rates was willful within the meaning of N.Y. Lab. Law §§ 663.

35.   Plaintiff have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Violation of the Spread of Hours Wage Order of the New York Commission of Labor

36.   Plaintiff repeats and realleges paragraphs above.

37. Defendants failed to pay plaintiff one additional hour's pay before allowances for each day in which her spread of hours exceeded ten hours in violation of the Spread of Hours Wage Order.

38. Defendants' failure to pay plaintiff an additional hour's pay for each day her spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter judgment against defendants.

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be party plaintiffs in the FLSA claims this action;

B. Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

C. On the First, Second, and Third Causes of Action, awarding plaintiff damages for lost income, spread of hours pay, liquidated damages, costs, interest, and reasonable attorneys' fees pursuant to the FLSA and New York Labor Law and regulations, in an amount to be determined at trial;

D. For such additional relief as the Court deems appropriate.

8